UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEFFREY KOSHNICK, | : : : | |
| Plaintiff, | : : | Civil Action No. 21-cv-00618 (JXN) (ESK) |
| v. | : : : | OPINION |
| ALIGHT SOLUTIONS; FIDELITY WORRPLACE SERVICES LLC.; MET LIFE INC.; GARY KOSHNICK; and PUBLIC SERVICE ENTERPRISE GROUP | : : : : : : | |
| Defendants. | | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on the motion to dismiss ("MTD") filed by Defendant Metropolitan Life Insurance Company ("MetLife"), incorrectly pleaded as "Met Life Inc." (ECF No. 4). *Pro se* Plaintiff Jeffrey Koshnick ("Plaintiff") filed a brief in opposition to the MTD (ECF No. 8), and Defendant filed a reply in support of the motion (ECF No. 9). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, MetLife's motion to dismiss is **GRANTED**.

**I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY**[1]

On July 21, 2020, Plaintiff filed this Complaint originally in the Superior Court of New Jersey, Essex County, bearing Docket No. ESX-L-005022-20. Defendant Alight Solutions, LLC, (improperly pleaded as "Alight Solutions") filed a Notice of Removal in January 2021. ECF No.

---

[1] The factual background derives from Plaintiff's Complaint. *See* Compl., ECF No. 1-2, Exhibit B to the Notice of Removal. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

1. The Notice was premised upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. § 1331, and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"); and supplemental jurisdiction under 28 U.S.C. § 1367. *Id*. at 2 ¶ I.

Plaintiff's Complaint consists of 105 pages. *See* Compl., ECF No. 1-2. Pages 3 – 46 of the Complaint consist of a series of unnumbered "fact" paragraphs. *Id*. at 3[2] ("Table of Contents for Civil Case"). The Court will summarize the allegations within certain of those "fact" paragraphs to provide context for the purposes of the MTD. This summary is not intended as a full recitation of the facts. Plaintiff's pertinent factual allegations include those that follow.

Plaintiff alleges that his deceased father, Robert Koshnick ("Robert" or "Decedent"), was an employee of Defendant Public Service Enterprise Group ("PSEG") between 1962 until his retirement in 1997. *Id*. at 6. As a PSEG employee, Robert held several employee benefit accounts, which included: Pension Plan of PSEG ("Pension Plan"), PSEG Employee Savings Plan ("401(k) Plan") and PSEG Life Insurance Plan for Retired Employees ("Life Insurance Plan" or the "Plan"). *Id*. On May 26, 2003, Robert's wife, Lorna Koshnick, was added as the primary beneficiary to the Life Insurance Plan. *Id*. Plaintiff alleges that the Plan Administrator for the Life Insurance Plan was PSEG's Employee Benefits Committee until Alight Solutions assumed the role as the Plan Administrator and Record Keeper in 2010. *Id*.

More than a decade later, Plaintiff learned that there was a tax lien against Robert and Lorna's residence. *Id*. Plaintiff alleges that Lorna instructed him to use the funds from Robert's 401(k) Plan to satisfy the tax lien. *Id*. at 7. At Lorna's direction, Plaintiff accessed the 401(k) Plan. *Id*. While viewing the account, Lorna commented that "Daddy had a lot more money in the

---

[2] For the sake of clarity, the Court cites to the page number listed on the ECF header.

account back in 2003." *Id*. Lorna also mentioned that she and Graham Koshnick[3] accessed the account in 2003. *Id*. During this time, Plaintiff saw his name listed as a beneficiary on Robert's 401(k) Plan. *Id*.

In or about May or June 2016, Graham and Lorna accessed Robert's 401(k) Plan and added their names as beneficiaries and "disqualified" Plaintiff as beneficiary. *Id*. Graham and Lorna subsequently had a phone conversation with an Alight Solutions representative who handled PSEG's benefit plans. *Id*. Shortly thereafter, Graham had a "cash out of the loans check" sent to Robert and Lorna's residence and requested that Robert's contact information be updated. This was all done without Robert's knowledge. *Id*.

In or about December 2017, Robert received an annual disbursement check from his 401(k) Plan in the amount of $10,275.58. *Id*. at 7. Robert was hospitalized at the time, and without his knowledge, Gary Koshnick forged Robert's signature and deposited the funds into Lorna's sole checking account. *Id*. at 8. In April 2018, Robert passed away. *Id*. at 9. Shortly thereafter, on May 30, 2018, Lorna received Robert's Life Insurance Policy benefit in the amount of $35,000.00 from MetLife. *Id*. About a year following Robert's death, in April 2019, Plaintiff served MetLife with a subpoena for information related to Robert's Life Insurance Policy. *Id*. at 38-39.[4] In response to the subpoena, MetLife provided information showing Lorna as the sole beneficiary of Robert's Plan and the claim form that Lorna signed. *Id*. at 39. MetLife also provided information about ERISA regulations and payment, and a series of emails showing Lorna's designation as

---

[3] Graham Koshnick, identified in the Complaint as a "surviving son of Robert Koshnick," is Plaintiff's sibling. *See* Compl., ECF No. 1-2, Exhibit B to the Notice of Removal, at 5 ¶ 7.
[4] The subpoena was served in connection with a New Jersey Superior Court matter entitled *Jeffrey Koshnick v. Lorna Koshnick and Graham Koshnick*, Docket No. ESX-L-8296-18.

3

beneficiary dating back to May 26, 2003. *Id*. at 40. MetLife, however, was not able to provide an actual signed beneficiary designation form. *Id*. at 42-43.

In its legal memorandum in support of its MTD, Defendant MetLife set out the following facts contained within Plaintiff's Complaint (ECF No. 4-2 at 6, 7):

- "**Fact** Alight Solution was the Plan Administrator and Record Keeper for... PSEG's Life Insurance Plan for Retired Employees" (Complaint, p. 3).

- "**Fact** Lorna Koshnick was added as the Primary Beneficiary to Robert M. Koshnicks [sic] Life Insurance Policy [sic] on May 26, 2003, through an online form submission (Internet). Being Robert M. Koshnicks [sic] spouse, Lorna Koshnick would have been named the default beneficiary for the Life Insurance Policy if [sic] no beneficiary was previously named" (Complaint, p. 3).

- "**Fact** On May 30th, 2018, Lorna Koshnick was paid the Life Insurance Policy [sic] benefit from Robert M. Koshnicks [sic] Employee Benefit Account in the amount of $35,500 by Met-Life" (Complaint, p. 6).

- "**Fact** Upon information and belief, Alight Solution was ... the Plan Administrator and Record Keeper for PSEG Life Insurance Plan far Retired Employees... since January 1, 2010" (Complaint, p. 9).

- "**Fact** In Or around March 2019, the Plaintiff, through prior Subpoena Duces Tecum requests to Alight and PSEG, became aware that Lorna Koshnick was fraudulently added to Robert Koshnieks [sic] Basic Life Plan, and subsequently paid out $35,500 upon the death of Robert Koshnick, by Met Life" (Complaint, p. 35).

- "**Fact** In or around May 2019, the Plaintiff contacted Met Life via telephone.... They also stated that `Met Life did not maintain any beneficiary information to Robert Koshnicks [sic] Basic Life Plan, they just paid the benefit to the beneficiary, upon the death of Robert Koshnick'" (Complaint, p. 36).

- "**Fact** ... In or around the month of February, [sic] 2020, the Plaintiff received a notice from Met Life dated February 11th, 2020. In this response to the Plaintiffs [sic] claim, the letter reads... (According to our records, the latest beneficiary designation on file completed by the decedent names someone other than you as the beneficiary. Consequently, Met Life [sic] made payment pursuant to the most recent beneficiary designation on file without notice of any other adverse claim. Therefore, Met Life [sic] paid the plan benefits in good faith and our liability on this claim has been fully satisfied. Therefore, based on the record before Met Life [sic], we must deny your claim" (Complaint, pp. 36-37).

- "**Fact** Met Lifes [sic] certifying custodian... answer revealed the following facts: ... ('Alight was the record keeper for the group customer at the time of the insureds [sic] passing and they maintained all beneficiary information. Alight would have any additional information regarding the designation and how it was changed')" (Complaint, p. 38).

Plaintiff's Complaint contains three Counts for "Breach of Fiduciary" against MetLife. At "Met Life Count 1 - Breach of Fiduciary," Plaintiff asserts that MetLife had a duty to protect the interest of Plaintiff "when Robert M. Koshnick named him as beneficiary." *Id*. at 78 ¶ 2. Plaintiff further alleges in this Count that MetLife breached its duty by allowing fraudulent changes to the beneficiary designation when on May 26, 2003, Graham and Lorna accessed the Life Insurance Policy and added Lorna as the primary and sole beneficiary. *Id*. ¶ 3. At "Met Life Count 2 – Breach of Fiduciary," Plaintiff alleges that Robert named Plaintiff as the beneficiary for his Employee Benefit Account "Basic Life Plan," which PSEG "elected Met Life as the insurer." *Id*. at 79 ¶ 2. Plaintiff further alleges that MetLife had a duty to retain beneficiary records for Robert, improperly safeguarded these records and failed to retain records per ERISA guidelines, which led to a wrongful payout to Lorna. *Id*. at 79 ¶¶ 2-4. At "Met Life Count 3 – Breach of Fiduciary," Plaintiff alleges that MetLife failed to properly investigate the fraud claims related to the beneficiary designation within the Life Insurance Policy, which "obstructed, delayed and prejudiced" Plaintiff's claims against Lorna and Graham. *Id*. at 80 ¶¶ 2-4. Plaintiff seeks compensatory and punitive damages against MetLife in each Count.

## II. STANDARD OF REVIEW UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, Civ. No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, Civ. No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. DISCUSSION

#### A. Standing

Defendant MetLife contends that Plaintiff's Complaint should be dismissed because Plaintiff has no viable cause of action against MetLife for any breach of fiduciary duty based on the following: (1) Plaintiff has no standing as he was neither a participant nor a beneficiary of the Plan; (2) MetLife was not the Plan's record-keeper, and consequently, had no fiduciary obligations

with respect to the record-keeping of the Plan; and (3) compensatory and punitive damages are not recoverable under ERISA's exclusive remedy scheme. ECF No. 4-2 at 4-6.

Plaintiff's father Robert Koshnick was a participant in the PSEG Life Insurance Plan for Retired Employees. ECF No. 1-2 at 6. The Life Insurance Plan is an employee welfare benefit plan as defined and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). Because the Plan is governed by ERISA, any claim against MetLife is also governed by ERISA.[5]

"To bring a civil action under ERISA, a plaintiff must have constitutional, prudential, and statutory standing." *Leuthner v. Blue Cross & Blue Shield of Ne. Pa.,* 454 F.3d 120, 125 (3d Cir. 2006); *Miller v. Rite Aid Corp.*, 334 F.3d 335, 340 (3d Cir. 2003); *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 74 (3d Cir. 2011). To ensure standing in an ERISA case, a court must assure itself that the plaintiff's grievance "arguably fall[s] within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Miller*, 334 F.3d at 340 & n. 1 (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)); *Leuthner,* 454 F.3d at 126 (explaining that "ERISA's statutory standing requirements are a codification of the 'zone of interest' analysis" typically used to determine prudential standing). It is well settled law in the Third Circuit that to bring a civil action seeking to recover benefits or to enforce rights due under an ERISA governed plan, a claimant must be a participant or beneficiary. *See* 29 U.S.C. §

---

[5] A motion to dismiss for lack of standing is typically brought under Federal Rule of Civil Procedure 12(b)(1). *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). The Third Circuit recently suggested, however, that a challenge to derivative standing under ERISA, as here, "involves a merits-based determination" that is non-jurisdictional and properly brought under Rule 12(b)(6). *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 371 (3d Cir. 2015). In any event, when standing is challenged based on the pleadings pursuant to Rule 12(b)(1), courts apply the same standard of review as a Rule 12(b)(6) motion to dismiss. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d at 243.

1132(a)(1); *Pascack Va11ey Hospital Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Therefore, in the context of ERISA claims for benefits, the "zone of interests" inquiry "is inexorably tied to the question of whether a plaintiff can meet the definitions of either a participant or beneficiary." *Miller*, 334 F.3d at 340-341.

The terms "participant" and "beneficiary" are defined in ERISA Section 3(7)-(8):

> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(7)-(8).

Here, Plaintiff does not fall within the zone of interests and therefore does not meet the statutory standing requirement. Plaintiff has neither alleged nor made any assertion that he meets the definition of a "participant." Moreover, the record contains no factual support for such a conclusion. Plaintiff alleges in his Complaint that Lorna was Robert's beneficiary, and that MetLife provided a series of emails showing Lorna's beneficiary designation dating back to May 26, 2003. *See* Compl., ECF No. 1-2 at 39. Plaintiff's purported standing in this case is based on his alleged status as a "beneficiary prior to May 26th, 2003." *See* Pl.'s Opp'n Br., ECF No. 8-2 at 3. Assuming *arguendo* that Plaintiff was previously listed as a beneficiary under the Plan, it is undisputed that Plaintiff was not Robert's designated beneficiary when MetLife paid the life insurance benefits to Lorna. A "prior beneficiary" does not meet the statutory definition of "beneficiary" as one "who is or may become entitled to a benefit" under the Decedent's ERISA plan. *See* 29 U.S.C. § 1002(8). Accordingly, Plaintiff lacks standing to bring an action seeking to recover benefits or to enforce rights due under an ERISA governed plan.

ERISA's civil enforcement mechanism, § 502(a), "is one of those provisions with . . . 'extraordinary pre-emptive power . . .'" *Pascack Valley Hospital Inc*, 388 F.3d at 399 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66 (1987). As a result, state law causes of action that are "within the scope of . . . § 502(a)" are completely pre-empted . . . ." *Taylor*, 481 U.S. at 66; *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 446 (3d Cir. 2003). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). [W]here there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B). *Pascack Valley Hospital Inc.*, *388* F.3d 393 at 399 (citing *Davila*, 542 U.S. at 200).

Due to the comprehensive pre-emption power of ERISA and Plaintiff's lack of standing to bring a claim under ERISA against defendant MetLife, the Complaint should be dismissed as against MetLife.

## IV.   CONCLUSION

For the foregoing reasons, Defendant MetLife's motion to dismiss (ECF No. 4) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Metropolitan Life Insurance Company (MetLife), incorrectly pleaded as "Met Life Inc." An appropriate Order accompanies this Opinion.

DATED: September 8, 2021

_____
Julien Xavier Neals
United States District Judge

10